IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

MICHAEL LOMBARDO,
        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.   13 - CR -344 (DNH)

GOVERNMENT'S SENTENCING
MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the court impose a Guidelines sentence of 20 years.

# I

## INTRODUCTION

On September 18, 2013, the defendant entered a guilty plea to one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and 2256(8)(A). The defendant is scheduled to be sentenced on February 28, 2014.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1. Statutory Maximum Sentences

The defendant's conviction for Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and 2256(8)(A) subjects the defendant to a statutory maximum term of twenty years imprisonment and a statutory minimum term of five years imprisonment; a maximum term of supervised release five years to life, *see* 18 U.S.C. § 3583; and a fine of $25,000 to $250,000. *See* 18 U.S.C. § 3571.

2. Guidelines Provisions

    a. Plea Agreement:

    -The parties stipulated that the defendant's offense level should be calculated under U.S.S.G. §2G2.1, and accordingly his base offense level is 32.

    b. -The parties further stipulated that the following Specific Offense Characteristics, under U.S.S.G. §2G2.1(b), apply:

    (1) The offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years, resulting in a 2-level increase under U.S.S.G. §2G2.1(b)(1)(B);

    (2) The offense involved the commission of a sexual act or sexual contact, resulting in a 2-level increase under U.S.S.G. §2G2.1(b)(2)(B);

    (3) The offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, resulting in a 4-level increase under U.S.S.G. §2G2.1(b)(4); and

    (4) The defendant used a computer or interactive computer service to persuade, induce, and entice a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct, resulting in a 2-level increase under U.S.S.G. §2G2.1(b)(6)(B).

c.  **Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a). The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

d.  **Criminal History Category**

According to the presentence report, the defendant's criminal history category is I. The government agrees with the Probation Office's determination of the defendant's criminal history category.

e.  **Guidelines Range and Sentence**

The combined offense level is 43 and the criminal history category is I. This is consistent with the calculations in the presentence report.

As a result of the above-described calculations, absent any departures, the federal sentencing guidelines advise that the defendant receive a sentence of 240 months (as the authorized maximum sentence of 20 years is less than the minimum of the applicable guideline range); a fine of $25,000 to $250,000 and a supervised release term of five years to life.

# III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to the guideline term of incarceration and impose a fine of $25,000. Additionally, the government requests that the court impose a term of supervised release of at least 20 years. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2). The Government maintains that a Guidelines sentence is sufficient but not greater than necessary to comply with the purposes of sentencing, which are: "the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

MICHAEL LOMBARDO is an intelligent, well-educated man who clearly knows right from wrong. LOMBARDO graduated from the Berklee School of Music with a Bachelor's Degree in Songwriting. PSR ¶107 LOMBARDO was raised by a loving family, who by the defendant's own words were "great role models." PSR ¶94 Despite this upbringing, the defendant engaged in repeated illicit activity with minors that took place over a span of three years. *See* PSR ¶13 (V-5's statement that LOMBARDO'S activities with her date back to 2009).

LOMBARDO took advantage of his position as an Internet star, and took advantage of his following of female teenage fans on YouTube. Moreover, he purposefully put himself in a position to be around teenage girls. PSR ¶12 (LOMBARDO worked as a sound engineer at Rome Free Academy High School, including work on the school plays.) He gained the trust of these girls and used that trust and admiration that the girls felt for him to sexually exploit them. LOMBARDO did not limit his activities to one child. There are eleven minors identified as victims of LOMBARDO'S sexual exploitation, with seven of the minors identified in photographs and videos. PSR ¶19.

The chat excerpt that is made a part of the PSR demonstrates how LOMBARDO operated; how LOMBARDO directed his victims to do exactly and precisely what he told them to do. PSR ¶16. In this chat, LOMBARDO, in graphic detail, gets V-6, a fifteen year old girl, to perform for him. The chat excerpt that is made a part of the PSR at paragraph 13 also demonstrates how LOMBARDO knew what he was doing was wrong and illegal. LOMBARDO tells V-5 to clear out her photo booth, and delete the images she sent of herself and the images he sent her because "that's like 5 years in federal prison and sex offender registration." PSR ¶13. It cannot be said that the defendant didn't know exactly what he was doing and the penalty for his crime. It was with that knowledge that he acted purposefully and intentionally, disregarding the fact that he was committing a crime and disregarding the harm he was causing to these victims.

LOMBARDO'S rationale for his conduct is that he perceived himself to be friendless, so his social circle became limited to the people who responded to him online. PSR ¶23. LOMBARDO also states that his need for constant intellectual stimulation led to his involvement in the instant offense. PSR ¶23. Reading the chats of the defendant, it is clear that he was seeking stimulation, but not intellectual stimulation. What is also clear is that the defendant lacks sincere remorse for his conduct. Instead, the defendant justifies his actions-saying that while he knows the victims were affected negatively, some of the victims were thrilled-which only further victimizes the girls involved. PSR ¶25. In fact, the defendant even stated that while he agrees his conduct was illegal, "there are a lot of dynamics in this case which make it different from other child pornography cases." One dynamic he overlooked is that fact that this case also involves the production of child pornography.

The defendant shows little remorse for his conduct; he seeks to minimize his actions and seeks to garner sympathy for the consequences of his actions. As a result it seems that the only effective way to demonstrate to LOMBARDO, and others, the seriousness of his crimes, and to protect others from falling prey to his schemes in his quest for self-esteem, is a lengthy term of incarceration followed by a lengthy term of supervision.

CONCLUSION

Under all of the facts and circumstances, the Government maintains that a Guidelines sentence of 20 years is sufficient but not greater than necessary to account for the nature and circumstances of the offense and the seriousness of the crime, while promoting respect for the law, providing just punishment, and protecting the public from future crimes of the defendant.

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will

'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Respectfully submitted this 14th day of February, 2014 ,

RICHARD S. HARTUNIAN
United States Attorney

By: /s/
Tamara B. Thomson
Assistant United States Attorney
Bar Roll No. 515310

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

*****************************************

UNITED STATES OF AMERICA     5:13-CR-344 (DNH)

v.

MICHAEL LOMBARDO

*****************************************

CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2014, I filed the Government's Sentencing Memorandum with the Clerk of the District Court and sent copies of said documents via e-mail to the following:

Donald Kinsella: dkinsella@khlaw.net

/s/
Rose Tivnan